United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIPPING WANG,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>      Defendant. | Case No. 21-cv-04318-BLF<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>[Re: ECF No. 26] |

Plaintiff Wang's counsel ("Counsel") moves for attorneys' fees pursuant to 42 U.S.C. § 406(b) following Ms. Wang's successful appeal of the denial of Social Security benefits. *See* ECF No. 26 ("Mot."). Counsel seeks an award of $12,530, which is less than 25% of the past-due benefits awarded to Ms. Wang. Counsel's motion is GRANTED for the reasons discussed below.

**I.    BACKGROUND**

Plaintiff Wang filed this action on June 7, 2021, seeking review of the denial of her application for Disability Insurance Benefits. *See* ECF No. 1 ("Compl."). The Court approved the parties' stipulation to voluntary remand on March 11, 2022. *See* Order, ECF No. 22. Ms. Wang obtained a favorable result on remand, receiving awards of past-due benefits. *See* Mot.; ECF No. 26-3, at 2. Pursuant to 42 U.S.C. § 406(b) and a written contingent-fee agreement between Ms. Wang and Counsel, Counsel is entitled to a maximum of 25% of past-due benefits awarded to Ms. Wang. *See* ECF No. 26-4 ("Fee Agreement").

On remand, Ms. Wang was awarded past-due Disability Insurance Benefits in the amount of $58,120. Mot. at 1; ECF No. 26-3 ("Notice of Award"). As is standard, the Social Security Administration withheld $14,530 for payment of attorneys' fees, which is 25% of the past-due benefits. Mot. at 2; ECF No. 26-1 at 1; Notice of Award at 2. The Court also previously granted

1   $8,900 in attorneys' fees to Ms. Wang under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

2   § 2412(d).  Mot. at 1; ECF No. 25.  Counsel seeks a "gross fee" of $12,530, which would equate

3   to a "net fee" of $3,630 after reimbursing Ms. Wang $8,900 for EAJA fees.  Mot. at 1.

### II.    LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees.  Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).  "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Crawford*, 586 F.3d at 1147.  The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

Where attorneys' fees have been awarded pursuant to the EAJA, the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. §

2

2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and alterations omitted).

## III.   DISCUSSION

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent-fee agreement between Counsel and Ms. Wang. The Court has conducted an "independent check" of the parties' contingent-fee agreement to assure that the agreed-upon 25% of past-due benefits is reasonable in this case. *Gisbrecht*, 535 U.S. at 807. Counsel obtained a fully favorable benefits award, resulting in an award of past-due benefits in the amount of $58,120 to Ms. Wang. Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings to increase the amount of fees awarded. Ms. Wang requested, and the Court granted, one extension of time to file a Motion for Summary Judgment, but Counsel submitted that the extension was necessary given the complexity of the case and Counsel needed to take care of a family member and quarantine after exposure to COVID-19. ECF No. 12 at 1. Thus, the Court finds that there are no instances of undue delay.

The requested fees award of $12,530 for 42 hours of work results in an effective hourly rate of $298. Courts in the Ninth Circuit have approved contingent-fee agreements resulting in much higher hourly rates in Social Security cases. *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("The Court finds that a de facto hourly rate of $1,213.83 is reasonable."). Both the Government and Ms. Wang were given notice of Counsel's motion for attorneys' fees, and while the Government filed a response, they did not object to awarding attorneys' fees in accordance with Ms. Wang's motion. *See* ECF No. 28 ("Resp."). Having considered the record in this case and the applicable

3

1  law, the Court is satisfied that Counsel's request for attorneys' fees in the amount of $12,530 under
2  § 406(b) is reasonable.
3       As stated above, where attorneys' fees have been awarded pursuant to the EAJA, the EAJA
4  fees must be offset against any fees awarded under § 406(b).  *Gisbrecht*, 535 U.S. at 796 (citing 28
5  U.S.C. § 2412).  Defendant notes that this offset would be proper, stating that if the Court awards
6  § 406(b) attorneys' fees, it should also order that counsel pay Plaintiff the fees already awarded
7  under the EAJA.  Resp at 2.  The Court agrees that Ms. Wang should be refunded the $8,900 in
8  EAJA fees previously awarded.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $12,530; and
2. Plaintiff Wang SHALL be refunded the $8,900 in EAJA fees previously awarded.

Dated: January 9, 2024

_____
BETH LABSON FREEMAN
United States District Judge